**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **KIMBERLY MUCKER-JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.**   3:24-cv-91-DJH |
| | ) | |
| **JEFFERSON COUNTY BOARD** | ) | |
| **OF EDUCATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. NATURE OF THE CASE

1.      Plaintiff, Kimberly Mucker-Johnson ("Mucker-Johnson"), by counsel, brings this

action against Defendant, Jefferson County Board of Educations ("Defendant"), for violating the

Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 *et. seq.,* Title

VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.,* and the

Kentucky Civil Rights Act ("KCRA").

## II. PARTIES

2.      Mucker-Johnson is a resident of Jefferson County, Kentucky, within the

geographical boundaries of the Western District of Kentucky.

3.      Defendant maintains offices and routinely conducts business within the

geographical boundaries of the Western District of Kentucky.

## III. JURISDICTION AND VENUE

1

4.    Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 29 U.S.C. §626 and 42 U.S.C. § 2000e-5(f)(3).

5.    Defendant is an "employer" as that term is defined by 29 U.S.C. §630(b), 42 U.S.C. §2000e(b) and KRS 344.030(2).

6.    Mucker-Johnson is an "employee," as that term is defined by 29 U.S.C. §630(f), 42 U.S.C. §2000e(f), and KRS 344.030(5).

7.    Mucker-Johnson satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No. 474-2023-00934) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant alleging discrimination based on her age and race and retaliation for engaging in a protected activity. Mucker-Johnson received the required Notice of her Right to Sue on January 2, 2024, and timely files this action.

8.    A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9.    Mucker-Johnson is a 53-year-old, Black female.

10.    Mucker-Johnson began working for Defendant in around 1999 and left in February 2008. In or around August 2008, Mucker-Johnson returned to work for the Defendant as an English Language Arts Teacher.

11.     For over twenty years, she has worked as a substitute teacher, Certified Teacher, Master Teacher, Academic Coach, and Counselor for Defendant.

12.    At all relevant times, Mucker-Johnson met or exceeded Defendant's legitimate performance expectations.

13.    Mucker-Johnson has engaged in several protected activities prior to this instant matter. Specifically, in or around 2015 Mucker-Johnson filed a Complaint in the Western District of Kentucky alleging race discrimination, retaliation, and failure to promote Mucker-Johnson. In or around 2017, a settlement was achieved. In or around 2019, Mucker-Johnson filed another Complaint in the Western District of Kentucky alleging race discrimination, retaliation, and a hostile work environment. In or around 2022, a settlement was achieved.

14.    In or around December 2022 through April 11, 2023, Mucker-Johnson has applied for several job openings that match her experience and qualifications. Each of these positions is considered a promotion from her current position as a teacher for Defendant's Conway Middle School.

15.    On or around December 18, 2022, Mucker-Johnson applied for an open position as a Counselor for Defendant's Blake Elementary, a position for which she held two (2) years of related experience. Mucker-Johnson interviewed for the position but was not selected. Roland Williams ("Williams"), a substantially younger, non-Black individual, was offered the position.

16.    On or around December 18, 2022, Mucker-Johnson applied for an open position as a Secondary School Assistant Principal for Defendant's Knight Middle School. Amanda Petters ("Petters"), a substantially younger, non-Black individual, was offered the position.

17.    On or around March 22, 2023, Mucker-Johnson applied for an open position as an Academic Instruction Coach for Defendant's Pathfinder School of Innovation, a position for which she held four (4) years of related experience.  Upon information and belief, a substantially younger, non-Black individual, was offered the position

3

18.    On or around April 11, 2023, Mucker-Johnson applied for an open position as an Explore Academy Coach for Defendant's Highland Middle School, a position for which she held two (2) years of related experience.  Carrie Wilson ("Wilson"), a substantially younger, non-Black individual, was offered the position.

19.    On or around July 23, 2023, Mucker-Johnson applied for an open position as a Counselor for Defendant's Conway Middle School, a position for which she held two (2) years of related experience. Kelly Bryant ("Bryant"), a substantially younger, non-Black individual, was offered the position.

20.    On or around July 17, 2023, Mucker-Johnson filed a Charge of Discrimination ("COD") through the Equal Employment Opportunity Commission ("EEOC") against the Defendant, alleging violations of the ADEA and Title VII.

21.    On or around July 20, 2023, Mucker-Johnson became aware that Defendant's Conway Middle School had a Counselor vacancy and that its Principal, Dr. Jeannie Lett ("Dr. Lett") was considering hiring Bryant. Mucker-Johnson asked Dr. Lett why she was not considered for the open position. Dr. Lett stated she had not received Mucker-Johnson's application.

22.    On or around July 26, 2023, Mucker-Johnson emailed Christina Taylor ("Taylor"), Human Resources for Defendant, inquiring why her resume was not forwarded to Dr. Lett for consideration. Taylor failed to respond to Mucker-Johnson.  Bryant was offered the position of Counselor.

## V. CAUSES OF ACTION

## COUNT I: ADEA – AGE DISCRIMINATION

23.    Mucker-Johnson hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24.    Mucker-Johnson is an individual over the age of forty (40), at all relevant times, who consistently applied for open positions that matched her experience and qualifications. The positions were offered to significantly younger people.

25.    Defendant's actions were intentional, willful, and taken in reckless disregard of Mucker-Johnson's legal rights.

26.    Defendant's unlawful actions violated Mucker-Johnson's rights as protected by the ADEA.

27.    Mucker-Johnson has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: TITLE VII - RACE DISCRIMINATION

28.    Mucker-Johnson hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint as if the same were set forth at length herein.

29.    Mucker-Johnson is a Black individual.

30.    Defendant has discriminated against and subjected Mucker-Johnson to disparate treatment due to her race.

31.    Defendant's actions were intentional, willful, and taken in reckless disregard of Mucker-Johnson's rights as protected by Title VII and the KCRA.

32.    Mucker-Johnson has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: TITLE VII & KCRA- RETALIATION

33.     Mucker-Johnson hereby incorporates paragraphs one (1) through thirty-two (32) of her Complaint as if the same were set forth at length herein.

34.     Mucker-Johnson engaged in a protected activity when she filed previous claims of disparate or discriminatory conduct against the Defendant. These activities are known to Defendant.

35.     Defendant has retaliated against Mucker-Johnson for engaging in protected activity by failing to promote her to the positions she applied for and match her experience and qualifications.

36.     Defendant's actions were intentional, willful, and taken in reckless disregard of Mucker-Johnson's rights as protected by Title VII and the KCRA.

37.     Mucker-Johnson has suffered damages as a result of Defendant's unlawful actions.

## VI. <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Kimberly Mucker-Johnson, respectfully requests that this court enter judgment in her favor and award her the following relief:

1.     Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2.     Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3.     Award Plaintiff compensatory damages for violations of Title VII and the KCRA;

4.     Award Plaintiff punitive damages for violations of Title VII and the KCRA;

5.     Award Plaintiff liquidated damages for violations of the ADEA;

6. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

7. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com

*Counsel for Plaintiff, Kimberly Mucker-Johnson*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Kimberly Mucker-Johnson, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com

*Counsel for Plaintiff, Kimberly Mucker-Johnson*